**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                               Case No. 6:91-cr-35-Orl-19

**ROBERT KEITH ABEL,**

_____

# ORDER

This case comes before the Court on the Petition for Writ of *Audita Querela* Pursuant to the All Writs Act, 28 U.S.C. § 1651, by Petitioner Robert Keith Abel. (Doc. No. 207, filed Feb. 12, 2010.)

## Background

Petitioner previously pled guilty in this case to aiding and abetting the robbery of a bank in DeBary, Florida, in violation of 18 U.S.C. § 2113(a). (Doc. No. 206 at 2-3.) The Court sentenced Petitioner to 125 months of imprisonment to be followed by a three-year term of supervised release. (*Id.* at 3.) Petitioner was released from prison on August 8, 2000. (*Id.*) On or about September 7, 2000, Petitioner committed a bank robbery in Lakewood, Ohio. (*Id.*) The Court revoked Petitioner's supervised release and ordered him to serve a term of twenty-four (24) months imprisonment, to run consecutively to the Ohio bank robbery sentence imposed by the United States District Court for the Northern District of Ohio. (*Id.*; *see also* Case No. 1:00-cr-415, N.D. Ohio.)

Petitioner asserts that the twenty-four month sentence imposed by this Court is scheduled to commence on March 10, 2010. (Doc. No. 207 at 6.) Petitioner requests that the Court issue a writ of *audita querela* and amend his sentence to have twelve months of the term of imprisonment run

concurrent with, as opposed to consecutive to, the sentence he is now serving for the Ohio bank robbery. (*Id.*) Petitioner argues that such relief is proper because he has hepatitis-C and because he cannot receive adequate medical treatment for this disease in prison.[1] (*Id.* at 7.)

**Standard of Review**

The issuance of a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, is a matter within the Court's sound discretion. *Paramount Film Distrib. Corp. v. Civic Center Theatre, Inc.*, 333 F.2d 358, 360 (10th Cir. 1964); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (reviewing a district court's decision under the All Writs Act for abuse of discretion). However, if a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the All Writs Act, then such measures cannot be employed. *ITT Cmty. Dev. Corp. v. Barton,* 569 F.2d 1351, 1359 (5th Cir. 1978).

**Analysis**

Petitioner requests that the Court issue a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. "*Audita querela*," Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. *Holt v. United States*, 417 F.3d 1172, 1174 (11th Cir. 2005) (citing Black's Law Dictionary 126 (7th ed. 1999)). The common law writ of *audita querela* was typically employed by a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution. *Id.* The extent to which the writ of *audita querela* applies in federal criminal cases is unclear. *Id.*; *cf.* Fed. R. Civ. P. 60(e) (abolishing the writ of

---

[1] Petitioner argues in the alternative that his petition should be construed as a petition for writ of *coram nobis*. (Doc. No. 207 at 22.)

*audita querela* in civil cases); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (doubting that the writ of *audita querela* is ever appropriate in federal criminal cases). In any case, before considering the merits of Petitioner's request for a writ of *audita querela*, it is appropriate to determine whether the Court has authority to issue the writ under the All Writs Act.

**I. Authority to Issue a Writ of *Audita Querela* under the All Writs Act**

The scope of a district court's authority to issue common law writs, including the writ of *audita querela*, under the All Writs Act is governed by *United States v. Morgan*, 346 U.S. 502 (1954), in which the Supreme Court held that a prisoner no longer "in custody" for 28 U.S.C. § 2255 purposes could seek relief by petition for writ of error *coram nobis* pursuant to the All Writs Act. *See Holt v. United States*, 417 F.3d 1172, 1174-75 (11th Cir. 2005) (discussing *Morgan*); *United States v. Ayala*, 894 F.2d 425, 427-28 (D.C. Cir. 1990) (same). "The teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *Holt*, 417 F.3d at 1175 (quoting *Ayala*, 894 F.2d at 428). In other words, "common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fill gaps in the system of federal post-conviction remedies." *Morales v. Fla. Dep't of Corr.*, 346 F. App'x 539, 540 (11th Cir. 2009). Thus, "a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2255 or *coram nobis* motions." *Holt*, 417 F.3d at 1175.

Neither postconviction relief under Section 2255 nor relief pursuant to a writ of *coram nobis* is available to Petitioner under the alleged facts. Postconviction relief under 28 U.S.C. § 2255 is available to correct a sentence: (1) imposed in violation of the Constitution or laws of the United States; (2) imposed without jurisdiction; (3) greater than the statutory maximum; or (4) that is

otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (2010). The non-constitutional claim raised by Petitioner here, that his sentence should be reduced due to inadequate prison medical care for hepatitis-C, is not cognizable under Section 2255 because it does not concern a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir.1998).

A writ of *coram nobis* permits a defendant to collaterally attack his conviction after he is released from custody. *Holt*, 417 F.3d at 1174; *Ayala*, 894 F.2d at 429. Petitioner remains in custody, and thus a writ of *coram nobis* is inappropriate here. Because the relief sought by Petitioner cannot be provided under 28 U.S.C. § 2255 or a writ of *coram nobis* and because the Court has found no other Eleventh Circuit caselaw limiting the Court's authority to consider a petition for a writ of *audita querela*,[2] the Court turns to the merits of the Petition.

## II. Merits of Petitioner's Request for a Writ of *Audita Querela*

Based upon its independent research, the Court agrees with Petitioner's assertion that no reported federal case holds that "medical necessity" is a lawful basis for the issuance of any common law writ, including the writ of *audita querela*, under the All Writs Act. (Doc. No. 207 at 22.) In any case, the Court has found two different legal standards used by federal courts to address the merits

---

[2] The federal post-conviction remedy for reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) provides Petitioner with a means of obtaining the sentence reduction and arguably prohibits this court from issuing a writ of *audita querela*. Section 3582(c)(1)(A) permits a Court to reduce a sentence that has been imposed upon motion of the Director of the Bureau of Prisons if it finds that "extraordinary and compelling reasons warrant such a reduction." Finding no authority discussing the preclusive effect, if any, of Section 3582(c)(1)(A) on a Court's authority to issue a writ of *audita querela* pursuant to the All Writs Act, the Court will consider the merits of Petitioner's request.

of a petition for writ of *audita querela*. As of the date of this Order, no Eleventh Circuit case has discussed which standard, if either of the two found by this Court, should be used. Accordingly, the Court will address Petitioner's claim under both standards.

### A. Legal Defect Required

Several Circuit Courts of Appeals have held that a writ of *audita querela* may only be issued where there is a legal defect in a conviction, as opposed to mere equitable grounds for relief. *See Doe v. INS*, 120 F.3d 200, 204-05 (9th Cir. 1997); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991); *Ayala*, 894 F.2d at 429. Petitioner does not cite, and the Court has not found, any Circuit Court of Appeals decision adopting a contrary position. Although Petitioner cites some district court cases in which a writ of *audita querela* was issued for purely equitable reasons, those cases have been superseded by the circuit court cases referenced above. (Doc. No. 207 at 27.) Therefore, because Petitioner's alleged inability to receive proper medical treatment for hepatitis-C, without more, is not a legal basis for reducing the sentence imposed by this Court, a writ of *audita querela* should not be issued under this standard.

### B. "Circumstances Compelling Such Action To Achieve Justice"

In *United States v. Davis*, No. 4:92-cr-4013-WS, 2009 WL 2495931 (N.D. Fla. Aug. 10, 2009), the district court applied the standard for issuing a writ of *coram nobis* under the All Writs Act defined by the Supreme Court in *Morgan* to the issuance of a writ of *audita querela*:

> [A]ssuming *audita querela* is, like *coram nobis*, appropriate in some situations, such an "extraordinary remedy" is available "only under circumstances compelling such action to achieve justice," to right "errors of the most fundamental character."

*Id.* at *3 (quoting *Morgan*, 346 U.S. at 511 n.15). Further, "'[c]ircumstances compelling such action to achieve justice,' as required by *Morgan*, 'exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Davis*, 2009 WL 2495931, at *3 (quoting *Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989)).

The facts alleged by Petitioner do not compel the issuance of a writ of *audita querela* under the standard articulated in *Davis* because Petitioner does not allege how his claimed inability to receive adequate medical treatment for hepatitis-C constituted an error of fact or rendered the sentence imposed by this Court irregular or invalid. Accordingly, Petitioner's request for a writ of *audita querela* does not meet the standard set forth in *Davis*.

In summary, even if the All Writs Act authorizes this Court to issue a writ of *audita querela* under the facts alleged by Petitioner, the Court finds no legal basis or extraordinary circumstances for issuing a writ of *audita querela* or amending the twenty-four month term of imprisonment imposed in this case. Therefore, Petitioner's request for a writ of *audita querela* is denied.

**Conclusion**

Based on the foregoing, the Petition for Writ of *Audita Querela* Pursuant to the All Writs Act, 28 U.S.C. § 1651, by Petitioner Robert Keith Abel is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 6, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Defendant
Attorney for Defendant
Attorney for the United States